UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLEY L. REYNOLDS,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>   Defendant. | CASE NO. C07-5014JKA<br><br>ORDER REMANDING ADMINISTRATIVE DECISION |

  This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision.  Plaintiff argues in her opening brief the following administrative errors:

  (i)  the administrative law judge ("ALJ") improperly rejected medical opinion evidence, specifically Drs. Meharg's, Dennis', Mejo's, Quinci's, Schneider's, Peterson's, Brown's, Reveron's, and Larson's opinions;

  (ii) the administrative law judge ("ALJ") improperly found Plaintiff did not have severe impairments of fibromyalgia and carpal tunnel syndrome;

  (iii) the administrative law judge ("ALJ") improperly rejected the lay evidence;

  (iv) the administrative law judge ("ALJ") improperly rejected Plaintiff's testimony; and

  (v) the administrative law judge ("ALJ") improperly found that jobs exist in significant number in

ORDER
Page - 1

1  the national economy that Plaintiff could perform.

2  Significantly, Defendant concedes the ALJ erred in making his decision and does not oppose
3  remand of the matter for further consideration.  Plaintiff did not file a reply to Defendant's concessions,
4  but argued in her opening brief that the matter should not just be remanded, but should be reversed by the
5  court and Plaintiff found disabled (entitled to benefits).

6  The decision whether to remand a case for further proceedings or simply to award benefits is
7  within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An
8  award of benefits is appropriate when no useful purpose would be served by further administrative
9  proceedings, or when the record has been fully developed and there is not sufficient evidence to support
10 the ALJ's conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate
11 where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716,
12 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would
13 only delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

14 Here, Defendant agrees that the ALJ erred in his assessment of Drs. Mejo, Schneider, Quicni, and
15 Meharg, but asserts that the remaining doctors were properly evaluated and assessed.  Nonetheless,
16 Defendant agrees that all of the medical evidence will have to be re-evaluated to correct the ALJ's errors.
17 The Defendant also agrees that  the ALJ did not properly evaluate lay testimony of Piper Perry and
18 Donald Basom.  Furthermore, Defendant acknowledges that Plaintiff's credibility may also need to be
19 re-evaluated in light of the re-evaluated medical source opinions and lay testimony.

20  After reviewing the arguments presented, the court finds the matter should be remanded for
21  further proceeding because  there are several unresolved issues for the administration to consider.  For
22  instance, evaluation of the medical evidence is required and is subject to interpretation by the
23  administration in light of severe impairment and disability standards.  In turn, proper consideration of the
24  medical evidence will or should influence the administration's consideration of both the lay evidence and
25  Plaintiff's testimony regarding her impairments.   In sum, there are outstanding issues that must be
26  resolved before a finding of disability can be made. Upon remand, the ALJ will re-evaluate the medical
27  records, particularly those from Dr. Mejo, Dr. Schneider, Dr. Quinci, and Dr. Meharg.  The ALJ assigned
28  must specifically address the limitations assessed by Dr. Meharg.  The administration must also

re-evaluate the lay testimony of Piper Perry and Donald Basom and Plaintiff's testimony in light of the medical evidence.

Based on the foregoing, the Court REMANDS the matter to the administration <u>with the direction that the Commissioner assign a new ALJ</u>.   On remand the new ALJ shall review the record as described above

DATED this 19th day of September, 2007.

                                         */s/ J. Kelley Arnold*
                                         J. Kelley Arnold
                                         U.S. Magistrate Judge